Isaac Ruiz, WSBA, #35237
Kathryn Knudsen, #41075
**R**UIZ & **S**MART **LLP**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702
Email: iruiz@ruizandsmart.com
kknudsen@ruizandsmart.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| VITALIY ILNITSKIY and ALINA ILNITSKIY, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

(No. ) - 1

RUIZ & SMART LLP
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

## I.   PARTIES

1. Vitaliy Ilnitskiy and Alina Ilnitskiy are insureds of defendant Safeco Insurance Company. Their place of residence is in Spokane Valley, Washington.

2. Defendant Safeco Insurance Company of America is a company organized under the laws of the State of New Hampshire with its principal place of business located at 175 Berkeley St., Boston, Massachusetts, 02116.

3. Safeco is vicariously liable for the acts and omissions of its employees and agents, including any outside person or entity to whom defendant assigned claims-handling or investigative responsibilities.

## II.   JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Ilnitskiys are citizens of the State of Washington and Safeco is citizen of other states. This case meets the amount-in-controversy threshold of $75,000.

5. This Court has personal jurisdiction over Safeco.

6. Venue is proper because the cause of action arose in the Eastern District of Washington.

## III.   CONDITIONS PRECEDENT

7. All conditions precedent were performed or have occurred.

(No. ) - 2

Ruiz & Smart LLP
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

IV.    FACTUAL ALLEGATIONS

8.    Safeco issued an insurance policy to the Ilnitskiys insuring their home in Spokane Valley, Washington. The policy covered the Ilnitskiys and their home. The Ilnitskiys paid a valuable premium for the coverages and protections contained in the policy.

9.    The policy number is OH2164020. The policy period was March 13, 2021, to March 13, 2022.

10.    The Ilnitskiys are insureds and first-party claimants under the policy.

11.    The Ilnitskiys experienced a significant water loss on or about October 12, 2021.

12.    The Ilnitskiys timely notified Safeco of the loss.

13.    The policy issued by defendant covers all losses incurred by the Ilnitskiys resulting from the loss. The policy also promises other benefits, including additional living expense (ALE) and damage to contents.

14.    Plaintiffs' claim has yet to be resolved.

15.    Safeco failed to perform a reasonable investigation to determine the benefits owed under the policy.

16.    In an attempt to circumvent its obligation to perform a full and fair investigation, Safeco sought to trigger the insurance policy's appraisal mechanism prematurely.

17. Although appraisal—when appropriate—can provide a resolution of a dispute between the insurance company and the policyholders, it is improper for an insurance company to demand an appraisal when it has not undertaken a full, fair, and prompt investigation.

18. Appraisal leads to expense to the insured.

19. The results of appraisal are final except in narrow circumstances.

20. When the insurer has failed to perform a full and fair investigation, appraisal threatens to lock the insured into an unreasonably low amount of benefits—the product of an incomplete investigation.

21. Alternatively, a premature appraisal shifts the burden of investigation to the policyholders.

22. Safeco has tried to trigger appraisal at least three times.

23. For example, on June 14, 2022, Safeco demanded appraisal of repair costs. At this time, Safeco insisted that the costs of repair were $55,661.09.

24. That position by Safeco—more than half a year after the loss—was unreasonably low.

25. The Ilnitskiys opposed the demand for appraisal through their public adjuster.

(No. ) - 4

26. On October 6, 2022, Safeco demanded appraisal again. By this time, however, it had changed its estimate to approximately $105,000—an almost 100 percent increase from its position the first time it demanded appraisal.

27. Safeco's most recent position relating to the cost of repairs remains unreasonably low, however, and is the result of an unreasonable investigation and evaluation of the claim.

28. Among other things, Safeco unreasonably refused to pay for replacement of the water-damaged furnace; failed to reasonably investigate and evaluate costs for content manipulation and storage; failed to reasonably investigation or evaluate necessary electrical work; unreasonably failed to pay incurred charges for temporary heat; and otherwise failed to discharge its responsibilities to the Ilnitskiys.

29. Insurance companies such as defendant owe their policyholders numerous duties upon the occurrence of a loss under an insurance policy. For example:

- Insurance companies owe their policyholders a duty of good faith.
- Insurance companies have an obligation to tell the truth, to have a lawful purpose, to deal fairly with the policyholder, and to give equal consideration to policyholders' interests as they do their own.

- Insurance companies are prohibited from engaging in conduct toward their policyholders that is in any way unreasonable, frivolous, or unfounded.

- Insurance companies must conduct a full, fair, and prompt investigation of all material aspects of the insurance claim at their own expense.

30. The Unfair Claims Settlement Practices Regulation, which is found in chapter 284-30 of the Washington Administrative Code, imposes duties on insurance companies. Defendant owes those duties to plaintiffs. The Unfair Claims Settlement Practices Regulation is incorporated herein by reference. *See* WAC 284-30-330 to -380.

31. Insurance industry standards in the State of Washington require defendant to comply with the Unfair Claim Settlement Practices Regulation. The regulation reflects minimum industry standards.

32. Insurance companies are prohibited by industry standards and Washington Administrative Code Regulations (*see* WAC 284-30-330 to -380) from:

- Misrepresenting facts and policy provisions.

- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

- Failing to adopt and implement reasonable standards for the prompt investigation of claims.

- Failing to advise insured of what is necessary to complete the claim.

- Failing to assist the insured.

- Refusing to pay claims without a reasonable investigation.

- Compelling first party claimants to initiate litigation by offering substantially less than the amounts due under policies.

- Failing to promptly settle claims where liability has become reasonably clear.

- Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of the claim.

- Failing to disclose all rights and benefits under an insurance policy to the insured.

- Failing to provide an explanation of the coverage under which payments were made.

(No. ) - 7

- Attempting to transfer the cost of investigation to the insured.

- Failing to complete a full and fair investigation within 30 days.

- Insurance companies are responsible for the accuracy of evaluations to determine actual cash value.

33. To ensure compliance with legal and industry standards:

- insurance companies have a responsibility to properly train employees involved in claims-handling activity; and

- insurance companies have a responsibility to supervise, evaluate, investigate, and (when necessary) discipline or terminate claims handlers who fall short of legal, industry, or company standards.

34. Safeco violated standards and Washington Administrative Code Regulations.

35. Safeco failed to perform a full and fair investigation of the claim and has denied the benefits to which the Ilnitskiys are entitled under the policy.

36. Safeco constructively denied coverage for the Ilnitskiys' claim.

37. Because of Safeco's conduct, plaintiffs have been damaged in several ways including, without limitation, the following:

- Loss of use and enjoyment of their home;

- Having to hire counsel;

- Being denied payment under their policy for all rights and benefits;
- Exposure to increased inconvenience;
- Economic impairment;
- Spending substantial time dealing with the insurance claim; and
- Emotional distress, aggravation, and anxiety.

## V. CAUSES OF ACTION

### CLAIM NO. 1. DECLARATORY JUDGMENT

38. The Ilnitskiys incorporate all the preceding paragraphs as if fully set forth herein.

39. The Ilnitskiys seek a judgment:

- declaring they are entitled to every coverage to which plaintiffs are entitled under the policy, including benefits for multiple losses;
- declaring the benefits to which the Ilnitskiys are entitled; and
- declaring that Safeco is estopped from asserting any time limitation in the insurance policy as a defense to coverage due to defendant's bad faith.

40. Safeco is liable for reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 51-53, 811 P.2d 673

(No. ) - 9

(1991), *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

## CLAIM NO. 2. BREACH OF CONTRACT

41. The Ilnitskiys incorporate all the preceding paragraphs as if fully set forth herein.

42. The policy is a valid, enforceable contract.

43. Plaintiffs are entitled to full compliance with the policy.

44. Plaintiffs are entitled to coverage and every benefit available to plaintiffs under the policy.

45. Plaintiffs seek judgment with respect to all coverages and benefits that apply to the facts of this case, including benefits for multiple losses.

46. Defendant breached its obligations under the policy as alleged throughout this Complaint.

47. Plaintiffs have sustained damage in an amount to be proven at trial.

48. In addition to plaintiffs' damages, defendant is liable for reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 51–53, 811 P.2d 673 (1991).

## CLAIM NO. 3. VIOLATION OF DUTY OF GOOD FAITH

49. The Ilnitskiys incorporate all the preceding paragraphs as if fully set forth herein.

50. Safeco owed the Ilnitskiys the duty of good faith in handling of the ALE portion of the Ilnitskiys' insurance claim.

51. Safeco's conduct was unreasonable and in bad faith.

52. Safeco is in violation of industry standards for the handling of insurance claims.

53. The Ilnitskiys sustained damage because of Safeco's conduct.

54. Safeco is liable for the Ilnitskiys' consequential economic and noneconomic damages.

## CLAIM NO. 4. NEGLIGENT CLAIMS HANDLING

55. The Ilnitskiys incorporate all the preceding paragraphs as if fully set forth herein.

56. Safeco's handling of the insurance claim was unreasonable.

57. Safeco is in violation of the Unfair Claim Settlement Practices Regulation.

58. Safeco is in violation of industry standards for the handling of insurance claims.

59. The Ilnitskiys sustained damage as a result of Safeco's conduct.

**CLAIM NO. 5. CONSUMER PROTECTION ACT (CPA), RCW 19.86.090**

60. The Ilnitskiys incorporate all the preceding paragraphs as if fully set forth herein.

61. Safeco engaged in unfair or deceptive acts or practices.

62. Safeco's conduct occurred in trade or commerce.

63. Safeco acted in bad faith.

64. Safeco's conduct affected the public interest.

65. Safeco's conduct caused injury to plaintiffs' "business or property," as those terms are defined for purposes of the CPA.

66. The Ilnitskiys sustained damage as a result of defendant's conduct.

67. The Ilnitskiys seek all remedies authorized under the CPA, including monetary damages, injunctive relief, enhanced damages, attorney fees, and costs. RCW 19.86.090.

## VI.    PRAYER FOR RELIEF

WHEREFORE, the Ilnitskiys request that this Court:

- Enter a money judgment against Safeco in the amount we will prove;

- Issue injunctive relief and impose enhanced damages under RCW 19.86.090;

- Award costs, disbursements, and attorney fees to the maximum extent authorized by law, including *Olympic Steamship* and RCW 19.86.090;

- Otherwise award the Ilnitskiys' attorney fees and costs; and

- Award such other relief as is just and proper.

### VII.   JURY DEMAND

The Ilnitskiys demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED December 21, 2022.

**RUIZ & SMART LLP**

By: *s/Isaac Ruiz*___
Isaac Ruiz, WSBA #35237
iruiz@ruizandsmart.com

By:  *s/Kathryn Knudsen*_____
Kathryn Knudsen, WSBA # 41075
kknudsen@ruizandsmart.com

***Counsel for Plaintiffs***

(No. ) - 13